UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shunta Stanley, <br> Plaintiff, <br><br> v. <br><br> American National Red Cross a/k/a American Red Cross, <br> Defendant. | CASE NO.: <br><br><br> **COMPLAINT** <br> **(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII") and the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.*, (hereinafter "FMLA").

2. All conditions precedent to jurisdiction under §706 of Title VII have occurred or been complied with.

    a. A charge of employment discrimination on basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the EEOC on or about March 2, 2023.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Shunta Stanley, is a citizen and resident of the State of South Carolina and resides in Dorchester County, South Carolina.

4. The Defendant, American National Red Cross a/k/a American Red Cross, upon information and belief, is an Act of Congress corporation organized in the District of Columbia and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII, ADA, and FMLA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII, the ADA, and FMLA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

10. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. On or about November 9, 2009, the Plaintiff began working for Defendant as a Collections Specialist II assigned to various mobile sites. On or about March 11, 2017, the Plaintiff applied for and was hired as a Collections Specialist II at the West Ashley's fixed site.

12. The Plaintiff had previously been diagnosed with anxiety and depression which she struggled with for most of her life, but when these conditions were exacerbated as a result of COVID-19, she was forced to resume active treatment.

13. Anxiety and depression are both serious medical conditions as defined by the ADA and the FMLA.

14. The Plaintiff made both Angela Young in Human Resources and Gina Benton, site manager, aware of her diagnoses and need for periodic time off from work.

15. The Plaintiff went out on approved fixed FMLA leave from March 30, 2021 to May 1, 2021. When the Plaintiff returned to work full time, she still required intermittent FMLA leave to attend doctors' appointments.

16. Plaintiff's request for periodic time off from work also constitutes a request for reasonable accommodations under the ADA.

17. Between May 1, 2021 and June 23, 2021, the Plaintiff noticed she that she was being treated more harshly than her counterparts who did not suffer from a disability and did not have to take FMLA leave. For example, the Plaintiff started receiving written disciplinary actions for things that were not previously an issue and for which her coworkers received no disciplinary action (i.e. cell phone usage).

18. On or about June 23, 2021, the Plaintiff received a call from Ms. Young stating that she was being suspended for absences, even though these absences were medically related and should have been covered under intermittent FMLA leave.

19. On or about July 24, 2021, the Plaintiff was terminated for having a disability and in retaliation for taking time off pursuant to the ADA and the FMLA.

20. Any stated reasons for Plaintiff's termination were pretextual in nature. Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for missing covered time under the ADA and for taking FMLA leave.

21. At all times relevant to this Complaint, the Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Americans with Disabilities Act – Disparate Treatment

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. That as alleged above, the Plaintiff was a qualified individual with a disability, in that she has a serious medical condition which substantially limits one or more major life activities and meets other definitions prescribed by federal law and the ADA.

24. Once the Plaintiff notified the Defendant of the exacerbation of her conditions and need for medical treatment, the Defendant began treating her poorly, nitpicking her conduct and eventually terminating her employment. Her termination was a direct result of her notification to the Defendant of the severity of her conditions.

25. The aforesaid conduct of Defendant was in violation of the ADA and Title VII.

26. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A SECOND CAUSE OF ACTION
### Violation of the American's with Disabilities Act – Retaliation

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. That as alleged above, the Plaintiff was a qualified individual with a disability, in that she has a serious medical condition which substantially limits one or more major life activities and meets other definitions prescribed by federal law and the ADA.

29. As a result of her conditions, the Plaintiff requested reasonable accommodations (periodic time off from work to attend doctors' appointments).

30. The Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

31. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

32. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

33. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

34. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

### FOR A THIRD CAUSE OF ACTION
**Violation of the Family and Medical Leave Act – Retaliation**

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

37. Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

38. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

39. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

40. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and/or civil damages including lost wages and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

### REQUEST FOR RELIEF

41. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact;

6. Judgment in favor of the Plaintiff and against the Defendant for treble damages; and

7. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
May 1, 2023.